MATTER OF TAGAWA

In Visa Petition Proceedings

A-14557682

*Decided by District Director August 11, 1967*

Beneficiary, a person of exceptional ability in the art of puppetry, is eligible for preference status under section 203(a)(3) of the Immigration and Nationality Act, as amended.

ON BEHALF OF PETITIONER: Norman Stiller, Esquire
995 Market Street
San Francisco, California 94103

The petition seeks to classify the beneficiary as a preference immigrant under section 203(a)(3) of the Immigration and Nationality Act, as amended, based upon her exceptional ability as a puppeteer.

The beneficiary is a citizen of Japan, born March 12, 1925 in Pyongang, Korea. She performed with the Takeda San-Nosuke Troupe, Tokyo, Japan, from April 1959 to August 1962, and with Philippe Genty, Director fo the Expedition Alexandre, from August 1962 to February 1965.

Section 203(a)(3) of the Act, as amended, provides for the availability of visas to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts, will substantially benefit prospectively the national economy, cultural interests or welfare of the United States.

As will be noted, eligibility for preference classification under section 203(a)(3) is divided into two categories, those aliens who are members of the professions and those aliens who possess exceptional ability in the sciences or the arts. Section 101(a)(32) of the Act, as amended, defines the term "profession." However, no definition of the terms "arts" or "sciences" is contained within the Act. The term "profession" is defined as including, but not being limited to architects, engineers, lawyers, physicians, surgeons and teachers in elementary or secondary schools, colleges,

academies or seminaries. It should be noted that each of the occupations listed bears two common characteristics. Recognition of professional status in those fields is generally achieved through high education or the equivalent in specialized experience, and the attainment of a specified type of degree or diploma which is usually the minimum requirement for entry into those occupations. (*Matter of Asuncion*, 11 I. & N. Dec. 660).

Art always relates to something to be done, science to something to be known. Not only must art be distinguished from science, but art in the industiral or mechanical sense, must be distinguished from art in the esthetic sense; the former aims chiefly at utility, the latter at beauty. The mechanic arts are the province of the artisan; the esthetic or fine arts, the arts of beauty, such as painting, sculpture, music and poetry, are the province of the artist. All the industrial arts, as of weaving or painting, arithmetic or navigation, are governed by exact rules. Art in the highest sense, transcends all rule. Science does not, like mechanic arts, make production its direct aim, yet its possible productive application is a constant stimulus to scientific investigation. Creative art, seeking beauty for its own sake, is closely akin to pure science, seeking knowledge for its own sake. (Funk and Wagnalls, *Standard Home Reference Dictionary*).

Whereas an engineer, a lawyer, a physician, or a teacher, having attained his education, might reasonably be expected to successfully practice his profession, such is not the case in the arts. In the arts, success or recognition comes to the individual solely through his creative ability.

Thus, there have been set different evidentiary requirements to establish an alien's exceptional ability in the sciences or the arts. These requirements are set forth in Title 8, Code of Federal Regulations, Part 204.2(f), as follows: "if the alien's eligibility is based on a claim of exceptional ability in the sciences or the arts, documentary evidence supporting the claim must be submitted by the petitioner. Such evidence may attest to the universal acclaim and either the national or international recognition accorded to the alien; that he has received a nationally or internationally recognized prize or award, or won a nationally or internationally recognized competition for excellence for a specific product or performance or for outstanding achievements; or that he is a member of a national or international association of persons which maintains standards of membership recognizing outstanding achievements, judged by recognized national or international experts in a specific discipline or field of endeavor. An affidavit

14

attesting to an alien's exceptional ability in the sciences or the arts, must set forth the name and address of the affiant, state how he has acquired his knowledge or the alien's qualifications, and must describe in detail the facts on which the affiant bases his assessment of the alien's qualifications."

As previously indicated, the fine arts are painting, sculpture, music and poetry. These have in recent times, been extended to include drawing, architecture, dancing and dramatic art. Webster's *New International Dictionary*, Second Edition, unabridged, defines a puppet show as a "dramatic performance, usually grotesque or burlesque, carried on by means of puppets, often with dialogue spoken by those moving the puppets." Thus, through modern definition, it must be acknowledged that puppetry falls within the fine arts.

The beneficiary was formally a member of the Takeda San-Nosuke Troupe of Tokyo, Japan. This troupe was so highly thought of in Japan that the director of the troupe was honored as a living cultural asset, and was given the honorary title of "National Treasure of Tokyo."

Affidavits attesting to the beneficiary's exceptional ability have been submitted by Melvin B. Helstien, Associate Professor of Theatre Arts, University of California, Los Angeles; John U. Zweers, Executive Secretary, Los Angeles County Guild of Puppetry; Archie Elliott, President, The Puppeteers of America; Lucille M. Cole, President, The Chicagoland Puppetry Guild; Bil Baird, Executive Director, American Puppet Arts Council; Marjorie B. McPharlin, International Representative, The Puppeteers of America; Richard G. Adams, Ph.D., Chairman, Theatre Arts Department, California Lutheran College; and Mollie Falkenstein, Vice-President, Puppeteers of America. Miss Falkenstein rates the beneficiary as, "one of the finest manipulators and creators of puppets in the entire world."

The beneficiary was awarded the Los Angeles County Puppetry Guild's International Award for her outstanding contribution to the advancement of the art of puppetry for the year 1965–66.

The evidence submitted establishes that the beneficiary is a person of exceptional ability in the art of puppetry who will substantially benefit prospectively the cultural interests of the United States.

ORDER: It is ordered that the petition to classify the status of Michiko Tagawa as a preference immigrant under section 203 (a) (3) of the Immigration and Nationality Act, as amended, be and is hereby approved.